**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**TERI KEY SHIVELY, et al.,**

      **Plaintiffs,**

**v.**                                                    **Case No.: 2:12-cv-00379**

**ETHICON, INC., et al,**

      **Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending before the court is Plaintiffs' Motion to Quash Defendants' Notice of 30(b)(5) Records Deposition and Subpoena Duces Tecum. (ECF No. 145). Defendants have filed a response in opposition to the motion, and Plaintiffs have replied; therefore, the issues are fully briefed. Having fully considered the arguments of the parties, the court **GRANTS** Plaintiffs' motion.

On March 15, 2016, the court entered Pretrial Order No. 217 in this civil action, the third amended docket control order, which set a discovery deadline of April 1, 2016. (ECF No. 120). On April 1, Defendants served non-party, Northern Louisiana Medical Center, with a subpoena *duces tecum* compelling the production of a certified copy of Plaintiff Teri Shively's employment records and also requiring the appearance of a records custodian at a deposition. On April 7, 2016, Plaintiffs moved to quash the subpoena on the basis that it was untimely in view of the scheduling order. On April 14, 2016, Missy Goodwin, the HR Generalist at Northern Louisiana Medical Center, responded to the subpoena *duces tecum* by sending a letter to defense counsel. In the letter, Ms. Goodwin

1

explained that she had looked for Ms. Shively's records in storage, but had been unable to locate them. However, she agreed to forward the records in the event that they turned up in the future.

In light of this letter, Defendants argue that Plaintiffs motion is moot and should be denied. Plaintiffs contend that the motion is not moot given Ms. Goodwin's agreement to forward the records if they are found. Plaintiffs continue to assert that they are entitled to quashal of the subpoena due to its untimely service.

As a general rule, "only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." *Transcor, Inc. v. Furney Charters, Inc.,* 212 F.R.D. 588, 590 (D. Kan. 2003) (citation omitted). However, an exception exists when the person objecting has a personal right or privilege in the information sought by the requester. *Singletary v. Sterling Transport Company, Inc.,* 289 F.R.D. 237, 239 (E.D. Va. 2012). Although the subpoena in this case is directed to Northern Louisiana Medical Center, the undersigned finds as a preliminary matter that Plaintiff Teri Shively has the requisite standing. Clearly, Plaintiff has a personal right or privilege in her employment records, and a corresponding right to move to quash the subpoena *duces tecum* seeking those records.

Here, the court ordered discovery to close on April 1, 2016. Consequently, barring an agreement or court order to the contrary, any activity related to discovery—including the compliance date of the subpoena—had to occur on or before April 1, 2016. Defendants did not serve the subpoena until April 1; accordingly, the subpoena was served too late for Northern Louisiana Medical Center to be expected to comply with its requirements during the discovery period. Thus, the court agrees with Plaintiffs. The subpoena was served too late and must be quashed.

Defendants' contention that Ms. Goodwin's letter renders Plaintiffs' motion moot is not persuasive. Ms. Goodwin leaves the door open for future production of the employment documents, suggesting that she may continue to search for them. Considering that the subpoena was not timely served, Northern Louisiana Medical Center should be promptly notified that it no longer has an obligation to devote resources in an effort to comply with the subpoena.

Therefore, the Motion to Quash is **GRANTED** and the subpoena *duces tecum* served on Northern Louisiana Medical Center for production of Ms. Shively's employment records and for a records custodian's deposition is **QUASHED**. Defendants are **ORDERED** to promptly notify Northern Louisiana Medical Center of this ruling.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** April 29, 2016

Cheryl A. Eifert
United States Magistrate Judge

3