UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **TERI KEY SHIVELY, ET AL.** | : | **CIVIL ACTION NO. 17-0716** |
| **VS.** | : | **JUDGE ELIZABETH E. FOOTE** |
| **ETHICON, INC., ET AL.** | : | **MAG. JUDGE KAREN L. HAYES** |
| | | (consolidated with) |
| **CHARLENE LOGAN TAYLOR** | | **CIVIL ACTION NO. 17-0721** |
| **VS.** | | |
| **ETHICON, INC., , ET AL.** | | |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, are correlative motions to consolidate [doc. #s 338 & 346] filed by plaintiffs in two related medical device cases, *Shively v. Taylor*, No. 17-0716 and *Taylor v. Ethicon*, No. 17-0721, respectively. Defendants oppose the motions to consolidate [doc. #s 340 & 348], and filed requests for oral argument [doc. #s 341 & 349] regarding the issue in each case. Upon consideration, the motions to consolidate are granted, and the motions for oral argument are denied.[1]

## Law

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or

---

[1] As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed.R.Civ.P. 42(a). Rule 42(a) is permissive and consolidation lies within the discretionary authority of the court. *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013-1014 (5th Cir. 1977) (citations omitted). "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).

> In weighing consolidation, courts consider numerous factors, including
>
> whether the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial.

*Varnado v. Leblanc*, No. 3:13-00348, 2016 WL 320146, *2 (M.D. La. Jan. 25.2016).

"[I]t is for the court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Daybrook Fisheries, Inc. v. American Marine Const.*, 1998 WL 748586, *2 (E.D. La. 10/19/1998) (quoting 9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2383 at 439 (2nd ed.1995)). Consolidation is properly denied where suits are at different stages of preparation, the transactions forming the basis of the suits are entirely separate, or where consolidation would prejudice the rights of the parties involved. *See Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989); *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1983); and *St. Bernard Gen. Hosp., Inc. v. Hos. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989-90 (5th Cir. 1983). It bears repeating, however, that "[f]ederal district courts have very broad discretion in deciding whether or not to consolidate." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th

Cir.1993) (citing 9 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2383 (1971)).

## Discussion

Applying the foregoing considerations to the present circumstances, the court initially remarks that the two cases originally were filed in this district, but were subsequently transferred, by order of the Judicial Panel on Multidistrict Litigation, to the Southern District of West Virginia for inclusion in MDL 2327, *In Re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation*. On or about May 8, 2017, the MDL court remanded both cases to this district, where they currently are scheduled to be tried before the same judge only three weeks apart. The same defendants are present in both cases, and counsel for all parties are equivalent. Also, the same physician implanted the allegedly defective medical device(s) in both plaintiffs during a six month period in 2008. Both plaintiffs assert claims for resulting injuries from the devices, and both had their implants partially surgically removed. Both plaintiffs seek recovery under the Louisiana Products Liability Act for design defect, inadequate warning, and non-conformity to express warranty, plus other claims.[2]

To be sure, and as defendants ably pointed out, there are some differences between the plaintiffs that will require distinctions to be made and preserved at trial. Moreover, the court is not indifferent to the risk of prejudice that defendants potentially face by permitting plaintiffs to cumulate their respective causes of action against them. However, plaintiffs contend that both

---

[2] In contrast to Taylor, however, Shively also has claims for loss of consortium and lost wages.

sides intend to offer evidence of similar incidents in both cases.³ Therefore, whether the matters are consolidated or not, the jury(ies) still may be exposed to evidence of injuries suffered by other women from these devices. Moreover, there is every reason to expect that segregation of the claims by counsel during the presentation of trial testimony, together with cautionary instructions to the jury by the court, will help alleviate any potential prejudice to defendants.

Relatedly, defendants opaquely assert that the court must remain cognizant of their due process rights. Defendants may rest assured that the court is aware of defendants' rights, and they remain free to urge the court to take appropriate protective measures at trial to address their concerns. However, they cannot in good faith contend that consolidation of these cases is unconstitutional per se. As plaintiffs pointed out in their brief, at least two courts of appeal have affirmed decisions to consolidate transvaginal mesh cases for trial. *See Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir.2017); *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 74 (4th Cir.2018). Indeed, in *Campbell*, the court noted the need to ensure that the parties received a fair trial, but then concluded that the trial court took sufficient steps to limit juror confusion or prejudice, and was well within its discretion to consolidate the cases for trial. *See Campbell, supra*. In so holding, it stressed that

> [b]oth plaintiffs and defendants benefit from lessened litigation costs and the reduced need for expert testimony. Witnesses benefit from reduced demands on their time by limiting the need for them to provide repetitive testimony. The community as a whole benefits from reduced demands on its resources, including reduced demand for jurors. The judicial system benefits from the freedom

---

³ Indeed, "[e]vidence of similar accidents might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation. *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338–39 (5th Cir.1980), decision clarified on denial of reh'g, 620 F.2d 464 (5th Cir.1980).

consolidation affords judges to conscientiously resolve other pending cases. *Campbell*, 882 F.3d at 76.

Those same considerations compel the result here. In lieu of two cases lasting up to ten days each, plaintiffs maintain that they can try the entire consolidated matter within the time frame of a single case, plus an additional one to one-half days. No doubt the considerable overlap in expert witnesses between the cases will account for a significant percentage of the time savings.

In sum, upon application of the pertinent factors and consideration of the well-briefed arguments of both sides, the court, in the exercise of its broad discretion, is persuaded that the significant benefits of judicial economy and efficiency presented by consolidation outweigh the risk of prejudice to defendants or jury confusion. Accordingly,

IT IS ORDERED that plaintiffs' motions to consolidate [doc. #s 338 & 346] filed in the two related cases, *Shively v. Taylor*, No. 17-0716 and *Taylor v. Ethicon*, No. 17-0721, respectively, are GRANTED. The trial date and scheduling order issued in the lead case, No. 17-0716, shall govern the consolidated matter.

IT IS FURTHER ORDERED that defendants' requests for oral argument [doc. #s 341 & 349] filed in *Shively v. Taylor*, No. 17-0716 and *Taylor v. Ethicon*, No. 17-0721, respectively, are DENIED.

In Chambers, at Monroe, Louisiana, this 1st day of June 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE